**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**COLUMBUS DIVISION**

---

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | CASE NO: 2:23-CV-58 |
| Plaintiff, | JUDGE: |
| v. | |
| RONNI HOLLINGSHEAD<br>c/o Rick L. Brunner<br>Brunner Quinn<br>5001 Horizons Drive, Suite 209<br>Columbus, Ohio 43220, | |
| CHRISTINA WARFORD<br>c/o Carter A. Brown<br>Stubbins, Watson, Bryan & Witucky Co., L.P.A.<br>59 N. 4th Street<br>P.O. Box 488<br>Zanesville, Ohio 43702-0488, | |
| KAYLA DANKO<br>c/o Carter A. Brown<br>Stubbins, Watson, Bryan & Witucky Co., L.P.A.<br>59 N. 4th Street<br>P.O. Box 488<br>Zanesville, Ohio 43702-0488, | |
| and | |
| CODY KELLY<br>c/o Carter A. Brown<br>Stubbins, Watson, Bryan & Witucky Co., L.P.A.<br>59 N. 4th Street<br>P.O. Box 488<br>Zanesville, Ohio 43702-0488, | |
| Defendants. | |

**COMPLAINT IN INTERPLEADER**

Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its undersigned attorneys, for its Complaint in Interpleader alleges as follows:

**PARTIES**

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the State of Ohio.

2. Defendant Ronni Hollingshead is an adult citizen of Ohio and domiciled in Franklin County, Ohio.

3. Defendant Christina Warford (née Kelly) ("Christina") is an adult citizen of Ohio and domiciled in Belmont County, Ohio

4. Defendant Kayla Danko (née Kelly) ("Kayla") is an adult citizen of Ohio and domiciled in Guernsey County, Ohio.

5. Defendant Cody Kelly ("Cody") is an adult citizen of Ohio and domiciled in Muskingum County, Ohio.

**JURISDICTION AND VENUE**

6. This Court has original federal question jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 and 29 U.S.C §1132(a)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), which gives the District Court jurisdiction to hear civil actions relating to benefits due under the terms of an employee welfare benefit plan brought by, among other parties, a fiduciary. The group life insurance policy at issue in this action is an employee welfare benefit plan governed by ERISA. This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of the United States. For the purpose of processing this claim,

Prudential had a degree of discretionary authority consistent with the definition of fiduciary set forth in 29 U.S.C. § 1002(21)(A)(iii).

7. This Court has jurisdiction under Title 28 U.S. C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Prudential is a New Jersey citizen for diversity purposes and the Defendants are citizens of Ohio.

8. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

9. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

10. Prudential issued group life insurance policy number G-01049 to Union Benefits Trust (the "Plan"). *Copies of the Plan Booklets and Certificates for the Basic and Supplemental Life coverages are attached hereto as **Exhibits A** and **B**, respectively*.

11. As an eligible member of the Union Benefits Trust, Kevin Kelly (the "Insured") received certain insurance coverages under the Plan.

12. On or about May 20, 2013, the Insured designated his spouse, Robin Kelly, as primary beneficiary and his sister-in-law, Ronni Hollingshead, as secondary beneficiary to his life insurance coverages under the Plan. *A screenshot of the electronic beneficiary records on file with Prudential is attached hereto as **Exhibit C***.

13. The Insured also received dependent life insurance coverage under the Plan providing life insurance coverage on his spouse, Robin Kelly. The Insured is automatically the beneficiary of the spousal coverage. *See Exhibit B, at page 48*.

3

14. Upon information and belief, Robin Kelly predeceased the Insured by a matter of hours on January 14, 2022. *A copy of Robin Kelly's Certificate of Death is attached hereto as Exhibit D*.

15. The Insured died shortly thereafter, also on January 14, 2022. *A copy of the Insured's Certificate of Death is attached hereto as Exhibit E*.

16. As a result of Robin Kelly's death, Plan spousal life insurance benefits in the amount of $40,000 became due and were paid to Christina, as Executor of the Insured's Estate, together with applicable interest.

17. As a result of the death of the Insured, Plan death benefits in the aggregate amount of $414,000 ("Death Benefits"), which is comprised of Basic Life insurance benefits in the amount of $114,000 and Supplemental Life insurance benefits in the amount of $300,000, became due to a beneficiary(ies) and Prudential concedes liability to that effect.

18. As the time of the Insured's death, Ronni Hollingshead was the only surviving designated beneficiary of record due to Robin Kelly's having predeceased the Insured. *See Exhibits C and D*.

19. By Preferential Beneficiary's Statement dated February 14, 2022, Christina asserted a claim to the Death Benefits on behalf of herself and her two siblings, Kayla and Cody. *A copy of the Preferential Beneficiary's Statement dated February 14, 2022 is attached hereto as Exhibit F*.

20. By claim form dated March 11, 2022, Ronni Hollingshead asserted a claim to the Death Benefits as the secondary beneficiary of record to the Insured's coverages under the Plan. *A copy of Ronni Hollingshead's claim form dated March 11, 2022 is attached hereto as Exhibit G*.

21. By letter faxed to the company on or about March 15, 2022, Christina, Kayla, and Cody (together, the "Insured's Children") provided personal statements, and other documents, asserting claims to the Death Benefits, alleging various reasons why they should be deemed the beneficiaries to the Insured's coverages under the Plan. *A copy of the faxed correspondence dated March 15, 2022 is attached hereto as **Exhibit H***.

22. Upon information and belief, the Defendants have had discussions concerning possible resolution of the matter but have been unable to reach an agreement.

23. By letter dated December 28, 2022, counsel for the Insured's Children informed Prudential's counsel that settlement efforts were unsuccessful and asserted claims to the Death Benefits on behalf of the Insured's Children, also suggesting they were prepared to file suit against Prudential and Ronni Hollingshead. *A copy of the letter dated December 28, 2022 is attached hereto as **Exhibit I***.

24. There have been no other claims for Death Benefits.

25. Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Death Benefits. By reason of the actual or potential claims of the Defendants, Prudential is or may be exposed to multiple liability.

26. Prudential is ready, willing, and able to pay the Death Benefits, plus applicable interest, if any, payable in accordance with the terms of the Plan and to whomever this Court shall designate.

27. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefits due and respectfully requests that this Court determine to whom said benefits should be paid.

28. Prudential accordingly will deposit into the Court the Death Benefits, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

29. Prudential has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Prudential and any of the Defendants. Prudential brings this Complaint in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Prudential prays that the Court enter judgment:

(a) requiring the Defendants to settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefits should be paid;

(b) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court in connection with payment of the Death Benefits or otherwise in connection with the Insured's coverage under the Plan;

(c) permitting Prudential to deposit the amount of the Death Benefits, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the Order of this Court and to be paid out as this Court shall direct;

(d) discharging Prudential from any and all further liability to the Defendants that relates in any way to the Insured's coverage under the Plan and/or the Death Benefits upon payment of the Death Benefits into the Registry of this Court or as otherwise directed by this Court;

(e) dismissing with prejudice Prudential from this action following deposit of the Death Benefits with the Registry of the Court or as otherwise directed by this Court;

(f) awarding Prudential its attorneys' fees and costs in their entirety; and

(g) awarding Prudential any other and further relief that this Court deems just and proper.

Respectfully Submitted,

*/s/ Kathleen A. Nitschke*
Kathleen A. Nitschke (0073397)
PEREZ & MORRIS, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone:  216-621-5161
Facsimile:  216-621-2399
E-Mail:      knitschke@perez-morris.com
***Counsel for Plaintiff, The Prudential Insurance Company of America***

Dated: January 6, 2023

7