IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| **The Prudential Insurance Company of America,** <br><br> Plaintiff, <br><br> v. <br><br> **Ronni Hollingshead,** *et al.*, <br><br> Defendants. | Case No. 2:23-cv-58 <br><br> Judge James L. Graham <br><br> Magistrate Judge Elizabeth P. Deavers |

### Opinion and Order

This case involves Plaintiff Prudential Insurance Company of America's payment of Death Benefits on behalf of Kevin Kelly ("Insured"). The Insured's sister-in-law, Defendant Ronni Hollingshead, and his adult children, Christina Warford, Kayla Danko, and Cody Kelly (collectively the "Kelly Defendants"), dispute who is the rightful beneficiary of the Death Benefits from the life insurance policy issued by Plaintiff.

This matter is before the Court for consideration of Plaintiff's Motion for Summary Judgment Dismissing Counterclaims, Relief in Interpleader, and Request for Attorneys' Fees and Costs (ECF No. 36). For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART.**

I. Facts

Prudential issued group life insurance policy number G-01049 to Union Benefits Trust (ECF No. 1 at 3). As an eligible member of the Union Benefits Trust, Kevin Kelly received coverage under the plan (*Id.*). The parties all agree that Mr. Kelly designated his wife, Robin Kelly, as the primary beneficiary of the life insurance policy. However, the Defendants do not agree who the secondary beneficiary of this policy was intended to be. Defendant Ronni Hollingshead believes that she is the secondary beneficiary and the Kelly Defendants, the children of Kevin and Robin Kelly, believe they are the secondary beneficiaries.

1

On January 14, 2022 Robin Kelly passed away due to complications caused by COVID-19 (ECF No. 1, Exhibit D). Only a few hours later, Kevin Kelly also passed away from COVID-19 (*Id.*, Exhibit E). As a result of Mr. Kelly's death, the Plan death benefits in the amount of $414,000 became due to the secondary beneficiaries (*Id.* at 4). On February 14, 2022, Christina Warford asserted a claim to the Death Benefits on behalf of her herself and her two siblings (*Id.*). Soon after, on March 11, 2022, Ronni Hollingshead asserted a claim to the Death Benefits as the supposed secondary beneficiary of record to Mr. Kelly's coverage under the Plan (*Id.*).

A few days later, on March 15, 2022, the Kelly Defendants provided statements and documents asserting claims to the Death Benefits (*Id.* at 5). In the subsequent months, Hollingshead and the Kelly Defendants attempted to negotiate a settlement. On December 28, 2022, Prudential was informed that settlement efforts were unsuccessful, and the Kelly Defendants were prepared to take legal action against both Prudential and Hollingshead (*Id.*).

Prudential asserts that given the facts and circumstances, they cannot determine who is entitled to the Death Benefits and because of the competing claims, are exposed to double liability (*Id.*). Prudential claims to be "ready, willing, and able" to pay the Death Benefits, plus any applicable interest, to whomever the Court designates (*Id.*). Prudential, acting as a stakeholder, asks this Court to determine who is the rightful beneficiary. Accordingly, Prudential requests to be removed from the lawsuit with prejudice and seeks recovery of any applicable attorneys' fees and costs.

## II.    Procedural History

Plaintiff filed its initial Complaint in Interpleader (ECF No. 1) on January 6, 2023. The Kelly Defendants filed an Answer (ECF No. 8) and subsequently filed an Amended Answer (ECF No. 12) that included counterclaims against Plaintiff and crossclaims against Defendant Hollingshead. On April 3, 2023, Hollingshead filed her Answer to the Complaint (ECF No. 13), as well as counterclaims against Prudential (ECF No. 14) and crossclaims against the Kelly Defendants (ECF No. 15). On May 5, 2023, Hollingshead filed a Motion to Dismiss the Kelly Defendants' Crossclaims for Failure to State a Claim (ECF No. 24). The Kelly Defendants filed their Response (ECF No. 25) soon after to which Hollingshead timely replied (ECF No. 26).

After mediation efforts coordinated by this Court failed, Plaintiff filed a Motion for Summary Judgment dismissing the counterclaims and for Relief in Interpleader (ECF No. 36). The Kelly

Defendants responded in opposition (ECF No. 37), as did Defendant Hollingshead (ECF No. 40). Prudential filed its Reply to the responses on April 26, 2024 (ECF No. 43). Plaintiff's Motion for Summary Judgment and Relief in Interpleader is presently before this Court and is ripe for adjudication.

### III. Plaintiff's Motion for Summary Judgment is Premature

Plaintiff has moved for summary judgment as to each of the counterclaims under Federal Rule of Civil Procedure 56. Under Rule 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In their respective counterclaims, the Kelly Defendants and Hollingshead each allege that they alone are entitled to the Death Benefits and that Plaintiff wrongly refused to pay out the proceeds.

At this stage, the Court believes that Plaintiff's motion for Summary Judgment is premature. Whether Plaintiff acted properly in not paying out the life insurance policy is still in dispute. The Defendants have raised a genuine dispute as to whether Plaintiff acted properly in refusing to pay out the life insurance proceeds. Accordingly, Plaintiff's request for Summary Judgment on the counterclaims is **DENIED.**

### IV. The Court Will Permit Plaintiff to Deposit the Funds with the Court

Interpleader is an equitable proceeding that "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007). Individuals "with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). When interpleader is invoked, the Court may "enter its order restraining [all claimants] from instituting or prosecuting any proceeding in any [state or federal] court" affecting the disputed fund, and ultimately "discharge the plaintiff from further liability,

3

make the injunction permanent, and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361.

In an interpleader action, the court must determine "whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *High Tech. Prods.*, 497 F.3d at 641. The second stage deals with the resolution of the competing claims "via normal litigation processes, including pleading, discovery, motions, and trial." Id. at 642. That activity will not involve the stakeholder, because after the court finds that interpleader is appropriate, it typically: (a) orders the stakeholder to deposit with the court the fund in the Court's registry; (b) discharges the stakeholder if it is a disinterested party; and (c) enjoins the parties from prosecuting any other proceeding related to the fund. *Id.* at 641-42. The present motion addresses the first stage.

The Court agrees with the Plaintiff that it should be permitted to deposit the funds, plus any interest that has accrued, in the Court's registry. However, the Court is not convinced that Plaintiff should be discharged from the case and protected from any other proceeding related to the fund. Since the Court declines to grant Plaintiff's Motion for Summary Judgment on the counterclaims arising out of their handling of the fund, it would not be proper to discharge Plaintiff and protect it from future prosecution related to the fund. Therefore, Plaintiff's Motion for Relief in Interpleader is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is directed to deposit the funds, plus any interest, in the Court's registry.

### V.     Attorney's Fees are Not Warranted as Plaintiff Remains a Party to This Case

Prudential asks for attorney's fees for bringing and prosecuting its complaint-in-interpleader. Both the Kelly Defendants and Hollingshead insist that Prudential is not entitled to recover the cost of any fees. Since the Court has declined to remove Plaintiff from this case entirely, the awarding of attorney's fees would be premature. Plaintiff's request for attorney's fees is therefore **DENIED**.

4

## VI. Conclusion

IT IS ORDERED that Plaintiff Prudential Insurance Company of America shall deposit the life insurance proceeds in the amount of $414,000 plus any applicable interest, into the Court's Registry in accordance with Local Rule 77.2.

IT IS FURTHER ORDERED that the Clerk accept for deposit into the Registry of the Court the deposit to be made by Plaintiff Insurance Company of America in the amount of $414,000, plus any applicable interest, and the Clerk shall promptly invest those funds into an interest bearing account in accordance with Local Rule 77.2.

IT IS FURTHER ORDERED that the Clerk may deduct from the account any fee authorized by the Judicial Conference of the United States.

s/ James L. Graham

JAMES L. GRAHAM
United States District Judge

DATE: June 25, 2024