IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **The Prudential Insurance Company of America,** | Case No. 2:23-cv-58 |
| Plaintiff, | Judge James L. Graham |
| v. | Magistrate Judge Elizabeth P. Deavers |
| **Ronni Hollingshead,** *et al.,* | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Ronni Hollingshead's Motion to Dismiss (ECF No. 24) pursuant to Fed R. Civ. P. 12(b)(6). Defendant asks this Court to dismiss the crossclaim filed against her by Christina Watford, Kayla Danko, and Cody Kelly (The "Kelly Defendants") (ECF No. 12) for failure to state a claim upon which relief can be granted. For the reasons that follow, Defendant Hollingshead's Motion to Dismiss (ECF No. 61) is **DENIED.**

   **I.  BACKGROUND**

Prudential issued group life insurance policy number G-01049 to Union Benefits Trust (ECF No. 1 at 3). As an eligible member of the Union Benefits Trust, Kevin Kelly received coverage under the plan (Id.). The parties all agree that Mr. Kelly designated his wife, Robin Kelly, as the primary beneficiary of the life insurance policy. However, the Defendants do not agree who the secondary beneficiary of this policy was intended to be. Defendant Ronni Hollingshead believes that she is the secondary beneficiary and the Kelly Defendants, the children of Kevin and Robin Kelly, believe they are the secondary beneficiaries.

On January 14, 2022 Robin Kelly passed away due to complications caused by COVID-19 (ECF No. 1, Exhibit D). Only a few hours later, Kevin Kelly also passed away from COVID-19 (Id., Exhibit E). As a result of Mr. Kelly's death, the Plan death benefits in the amount of $414,000 became due to the secondary beneficiaries (Id. at 4). On February 14, 2022, Christina Warford asserted a claim to the Death Benefits on behalf of her herself and her two siblings (Id.). Soon after, on March

1

11, 2022, Ronni Hollingshead asserted a claim to the Death Benefits as the supposed secondary beneficiary of record to Mr. Kelly's coverage under the Plan (*Id.*).

A few days later, on March 15, 2022, the Kelly Defendants provided statements and documents asserting claims to the Death Benefits (*Id.* at 5). In the subsequent months, Hollingshead and the Kelly Defendants attempted to negotiate a settlement. On December 28, 2022, Prudential was informed that settlement efforts were unsuccessful, and the Kelly Defendants were prepared to take legal action against both Prudential and Hollingshead (*Id.*).

Plaintiff filed its initial Complaint in Interpleader (ECF No. 1) on January 6, 2023. The Kelly Defendants filed an Answer (ECF No. 8) and subsequently filed an Amended Answer (ECF No. 12) that included counterclaims against Plaintiff and crossclaims against Defendant Hollingshead. The Kelly Defendants' Crossclaims against Hollingshead allege (1) promissory estoppel and (2) fraud (*Id.* at 22-27).

On April 3, 2023, Hollingshead filed her Answer to the Complaint (ECF No. 13), as well as counterclaims against Prudential (ECF No. 14) and crossclaims against the Kelly Defendants (ECF No. 15). On May 5, 2023, Hollingshead filed a Motion to Dismiss the Kelly Defendants' Crossclaims for Failure to State a Claim (ECF No. 24). The Kelly Defendants filed their Response (ECF No. 25) and, shortly thereafter, Hollingshead timely replied (ECF No. 26). The Court granted leave for the Kelly Defendants to file an amended crossclaim which they did on September 18, 2024 (ECF No. 56). Hollingshead's Motion to Dismiss the Amended Crossclaims (ECF No. 61) of the Kelly Defendants is now before this Court and ripe for adjudication.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *Iqbal,* 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Twombly*, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Though "[s]pecific facts are not necessary," *Erickson*, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," *Twombly*, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

#### A. *The Kelly Defendants Properly Pled the Promissory Estoppel Crossclaim*

The Kelly Defendants allege that their parents drafted married wills on October 24, 2001 (ECF No. 12 at 22). The 2001 Wills stipulate that should both Robin and Kevin Kelly become deceased prior to each of the Kelly Defendants attaining the age of majority, Defendant Hollingshead would be the guardian of "every minor Kelly Defendant and each and every minor Kelly Defendant's property until said Kelly Defendant attained the age of majority" (*Id.*). The 2001 Wills direct that if either spouse did not survive the testator, the entirety of their estate would pass to the Kelly Defendants (*Id.* at 23). The Kelly Defendants further allege that their parents asked Hollingshead to use any and all of their assets to provide care for the Kelly Defendants (*Id.*). Additionally, the Kellys

3

asked Hollingshead to disperse any of the remaining assets to the Kelly Defendants in equal shares upon the Kelly Defendants attaining the age of majority (*Id.*). Hollingshead allegedly agreed and promised to disperse any remaining assets, including life insurance proceeds, to the Kelly Defendants. The Kelly Defendants allege that their parents relied on Hollingshead's promise and that this reliance was reasonable in light of Hollingshead's relationship to Robin Kelly (*Id.*). The Kelly Defendants assert that Defendant Hollingshead now intends to use the life insurance funds for her own personal use and enjoyment (*Id.* 24-25). The Kelly Defendants believe Hollingshead should be estopped from violating the promise she made to Kevin and Robin Kelly (*Id.*).

Hollingshead argues that the Kelly Defendants' promissory estoppel crossclaim fails because it does not identify a clear and unambiguous promise; the Kelly Defendants do not plead their own reliance on that promise; and they fail to show that Kevin and Robin Kelly detrimentally relied on any of the alleged promises made by Hollingshead (ECF No. 24 at 7-11).

In certain circumstances, the doctrine of promissory estoppel can be applied "to enforce a promise that does not meet the criteria of a formal contract." *Healey v. Republic Powdered Metals, Inc.*, 85 Ohio App.3d 281, 619 N.E.2d 1035, 1037 (1992). The elements of a promissory estoppel claim under Ohio law are: (1) a clear and unambiguous promise, (2) reliance on that promise, (3) reliance that was reasonable and foreseeable, and (4) damages caused by that reliance. *Thompson v. Transam Trucking, Inc.*, No. 2:08-cv-927, 2011 WL 2293281, at *8, 2011 U.S. Dist. LEXIS 61176, at *10 (S.D. Ohio June 8, 2011) (citing *Current Source, Inc. v. Elyria City Sch. Dist.*, 157 Ohio App.3d 765, 813 N.E.2d 730 (Ohio Ct. App. 2004)).

Construing the Amended Crossclaim in the light most favorable to the Kelly Defendants, the Court finds that they have pled sufficient facts to support a viable promissory estoppel claim against Hollingshead. The Kelly Defendants claim that Hollingshead made a promise to their parents to disperse any remaining assets to them once they reached the age of majority. Further, the Kelly Defendants assert that it was reasonable and foreseeable for their parents to rely on this promise when naming Hollingshead their guardian. The Kelly Defendants allege that their parents relied on this promise and that their parents were injured by Hollingshead's refusal to uphold the promise.

Hollingshead argues that the Kelly Defendants have failed to plead their own reliance on any promise, and Ohio law does not permit them to rely upon "the reliance of third parties" (ECF No. 61 at 9). Hollingshead further asserts that it must be the Kelly Defendants themselves who detrimentally relied on the alleged promise. (*Id.* at 10-11). To succeed on a claim of promissory estoppel, the party

claiming estoppel "must have relied on conduct of an adversary in such a manner as to change his position for the worse and that reliance must have been reasonable in that the party claiming estoppel did not know and could not have known that its adversary's conduct was misleading." *Shampton v. Springboro,* 98 Ohio St.3d 457, 2003-Ohio-1913, 786 N.E.2d 883, ¶ 34, quoting *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 145, 555 N.E.2d 630, citing *Heckler v. Community Health Serv.* (1984), 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42.

Hollingshead also cites to Ohio case law which states that a party "could not have relied upon any interchange involving financing because they had no knowledge of any such promises" *Cordemex, S.A. De C.V. v. Dayton Importers Corp.,* No. CA-9826, 1987 WL 6245 (Ohio 2nd Dist. Feb. 4, 1987). The Court in *Cordemex* went on to say that it was "unable to find any legal support for the proposition that a party may be a third-party beneficiary of another's detrimental reliance." *Id.*; *see*, Restatement (Second) of Contracts, § 90.

The Kelly Defendants assert that Ohio Law allows them to bring a claim to enforce the promise as third-party beneficiaries. In their Response, the Kelly Defendants cite to a Sixth Circuit interpretation of Ohio Law concerning a third-party's ability to recover. *Green v. Jackson Nat'l Life Ins. Co.,* 195 Fed. Appx. 398 (2006). Also citing to the Restatement (Second) of Contracts, § 90, the *Green* Court stated that:

> "through the adoption of section 90 of the Restatement, the Ohio courts provide for recovery by a third party to a promise based on the third party's detrimental reliance. Of course, the doctrine of promissory estoppel also provides for recovery based on the detrimental reliance of the promisee. As the comment to the Restatement makes clear, the policy behind allowing both types of recovery is largely supported by the fact that the promisor can foresee that the promisee, or the third party, will in fact rely on the promise to their detriment… Thus, holding the promisor to his promise promotes compensation of detrimental reliance on the promise by either the promisee or an intended third-party beneficiary, regardless of which of the two brings the claim to enforce the promise."

*Id.* at 406; *see* Restatement (Second) of Contracts, § 90, cmt. c.

At this stage of the litigation, the Kelly Defendants have properly pled this crossclaim. This Court finds that the Kelly Defendants have stated a plausible claim for relief and that the factual allegations, when taken as true, raise the likelihood of a legal claim that is more than possible, but indeed plausible.

### B. *The Fraud Crossclaim Satisfies the Particularity Requirements*

The Kelly Defendants also assert that Hollingshead engaged in fraud by entering into a verbal agreement with their parents with no intention of fulfilling the promise (ECF No. 12 at 26). Hollingshead argues that the fraud crossclaim must be dismissed because the Plaintiffs have failed to plead with the particularity required by Federal Rule of Civil Procedure 9(b). In particular, Hollingshead states that the Kelly Defendants have not set forth a fraudulent statement (ECF No. 61 at 15). Despite being required to plead the who, what, when, where, and how of the alleged fraud, Hollingshead argues that the Kelly Defendants "have done nothing more than plead the 'who'" (*Id.* at 15-16).

Allegations of fraud are a "special matter," held to a higher standard of pleading. *Gen. Cable Corp. v. Highlander,* 447 F.Supp.2d 879, 890 (S.D. Ohio 2006). Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead common law fraud claims with particularity the "circumstances constituting fraud or mistake shall be stated with particularity." Fed .R. Civ. P. 9(b). To satisfy this requirement, the Plaintiff must "'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the Defendant; and the injury resulting from the fraud.'" *Coffey v. Foamex*, 2 F.3d 157, 161–62 (6th Cir.1993) (quoting *Ballan v. Upjohn Co.*, 814 F.Supp. 1375, 1385 (W.D.Mich.1992)). The Sixth Circuit has held that Rule 9(b) should be read in conjunction with Rule 8(a), which requires that pleadings include "a short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir.1988). "The threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendants to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'" *Coffey*, 2 F.3d at 162 (quoting *Brewer v. Monsanto Corp.,* 644 F.Supp. 1267, 1273 (M.D.Tenn.1986)).

The Court finds that the Kelly Defendants' Crossclaim satisfies the particularity requirement of Rule 9(b). Hollingshead has received sufficient notice of the basis for the fraud claim. The Kelly Defendants sufficiently state a claim for fraud by alleging that Hollingshead's promise to use the funds for the benefit of the Kelly Defendants was not made in good faith and that her plan all along was to use the funds for her own personal enjoyment. Claims for fraud are held to a higher pleading standard and the Court finds that the Kelly Defendants have plead facts that satisfy this elevated standard.

6

*C. The Court Denies The Prudential Insurance Company's Motion for Summary Judgment*

After reviewing the briefings on the matter, the Court concludes that there are genuine issues of material fact as to The Prudential Insurance Company's relationship with the other parties. For that reason, the Court concludes that Prudential should remain a party in this case. The Prudential Insurance Company's Motion for Summary Judgment (ECF No. 63) is **DENIED.**

## IV. CONCLUSION

For the foregoing reasons, Defendant Hollingshead's Motion to Dismiss (ECF No. 61) is **DENIED.** The Prudential Insurance Company's Motion for Summary Judgment (ECF No. 63) is also **DENIED.**

**IT IS SO ORDERED.**

DATE: June 20, 2025                                         s/ James L. Graham
                                                            JAMES L. GRAHAM
                                                            United States District Judge